## MERRYFIELD et al. v. F. M. HOYT SHOE CORPORATION et al.

### Civ. No. 143.

District Court, D. New Hampshire.

Nov. 6, 1941.

Omer H. Amyot, of Manchester, N. H., for plaintiffs.

Devine & Tobin, of Manchester, N. H., for Shoe Co. and R. F. C.

MORRIS, District Judge.

This action is brought by Charles H. Merryfield, Carl Lindh and Maurille Dupuis against the F. M. Hoyt Shoe Corporation and the Reconstruction Finance Corporation under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The action was entered June 24, 1941 and on July 17 both defendants filed motions for an extension of twenty days within which to file answers. July 25th the defendant F. M. Hoyt Shoe Corporation filed a motion to dismiss the action on the ground that it was not engaged in the manufacture of shoes in interstate commerce and not subject to the so-called wages and hours law.

On the same date the Reconstruction Finance Corporation filed a motion to dismiss the action on the ground that no

valid service had been made on it but that a copy of the petition had been served "on one Olive Matthews who is not and was not an agent or servant of the defendant, upon whom proper service of process could have been made."

The Marshal's return shows that further service was made on Alexander Murchie, United States Attorney for this District, and that an attested copy of the petition and order was mailed to Robert H. Jackson, Attorney General for the United States, and the Reconstruction Finance Corporation, Washington, D. C.

The petitioners bring this action to recover for unpaid overtime and an additional equal amount as liquidated damages pursuant to Section 216(b) of the Act.

The period of service and claims as set forth in the complaint are as follows: that defendants, from October 1, 1940, to June 21, 1941, employed Charles H. Merryfield as watchman, fireman and maintenance man and he seeks to recover the sum of $204 for overtime and an additional equal amount as liquidated damages; that from October 25, 1938, to June 21, 1941, the defendants employed Carl Lindh as a watchman, fireman and maintenance man and he seeks to recover the sum of $630.80 and an equal additional amount as liquidated damages; that from May 1, 1940, to June 21, 1941, the defendants employed Maurille Dupuis as a watchman, fireman and maintenance man and he seeks to recover $64 for unpaid minimum wages and additional amount of $64 as liquidated damages.

There was a hearing before the Court on the defendants' motions September 23, 1941 which was not strictly confined to the motions but developed into arguments on questions of law involved in the action.

The following facts appear from the oral testimony and the arguments of counsel: Sometime in 1936, the F. M. Hoyt Shoe Company ceased to manufacture shoes. It was the owner of certain real estate in the nature of factory buildings which it rented to other companies in no way connected with the F. M. Hoyt Shoe Corporation. The R. F. C. held a mortgage on the real estate and the Shoe Company assigned the rentals of its factory buildings to it. Mrs. Olive Matthews of Manchester was employed and paid by the F. M. Hoyt Shoe Corporation to collect the rents which she transmitted to the R. F. C. in Boston for which certain sums of money were deducted and applied on the mortgage indebtedness and enough returned to Mrs. Matthews to pay her salary and the wages of the three plaintiffs. Mrs. Matthews employed the men and kept their time; she kept the books and supervised the buildings.

The R. F. C. foreclosed its mortgage on June 30, 1941. Since that time Mrs. Matthews has continued to perform the same services for the Reconstruction Finance Corporation.

While Mrs. Matthews appears to have been acting in a dual capacity prior to the foreclosure of the mortgage, I find that she was a managing agent from the R. F. C. and service upon her as such is sufficient under the provisions of Rule 4(d)(3), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The second motion raises the question whether the defendants were engaged in the manufacture of shoes in interstate commerce and subject to the Wages and Hours Law within the meaning of the Fair Labor Standards Act. The R. F. C. never engaged in the manufacture of any product for interstate shipment. It was merely the owner and lessor of real estate which was occupied by lessees who were engaged in the manufacture of goods for interstate shipment. The plaintiffs had nothing to do with the actual manufacture of goods but were in the employ of the owners of the real estate, first the Hoyt Shoe Corporation and, second, the R. F. C. They are set out in the complaint as firemen, watchmen and maintenance men to look after the real estate, paid by the Shoe Corporation and later by the R. F. C.

The Fair Labor Standards Act is by its terms limited to employees engaged in interstate commerce, or in the production of goods for interstate commerce and does not extend to employment that merely affects interstate commerce.

In the case of Gerdert v. Certified Poultry & Egg Company, D.C., 38 F.Supp. 964, 969, it is said: "The minimum wages and maximum hours provision of the Fair Labor Standards Act relates to employees who are engaged in interstate commerce or in the production of goods for commerce, but it is difficult to see how an employee could be engaged in commerce or in the production of goods for commerce, unless his employer were likewise engaged, because the employee is merely the agent

of the employer. It would be necessary, therefore, to determine whether or not the employer was engaged in interstate commerce as distinguished from a practice or business adversely affecting interstate commerce."

■ I hold that employees of a landlord who is not himself engaged in the manufacture of goods for interstate commerce but whose premises are leased to others, who are engaged in the production of goods for commerce do not come within the provisions of the Wages and Hours Law of the Fair Labor Standards Act.

The action is dismissed with costs to the defendants.